UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------X

GABINO HERNANDEZ,
on behalf of himself, FLSA Collective                12 Civ. 7795
Plaintiffs and the Class,

                    Plaintiff,                     <u>OPINION</u>

   -against-

NGM MANAGEMENT GROUP LLC d/b/a
BAREBURGER CHELSEA, et al.,

                    Defendants.

---------------------------------------X

A P P E A R A N C E S:

      <u>Attorneys for Plaintiff</u>

      LEE LITIGATION GROUP, PLLC
      30 East 39th Street, 2nd Floor
      New York, NY 10016
      By:  C. K. Lee, Esq.


      <u>Attorneys for Defendants</u>

      PALMERI & GAVEN, ESQS.
      80 Maiden Lane, Suite 505
      New York, NY 10038
      By:  John J. Palmeri, Esq.

**Sweet, D.J.**

Plaintiff Gabino Hernandez ("Hernandez" or the "Plaintiff") has moved for conditional collective certification for a class of tipped employees of the defendant NGM Management Group LLC d/b/a Bareburger Chelsea ("NGM" or the "Corporate Defendant"). Upon the facts and conclusions set forth below, the motion is denied.

**Prior Proceeding**

On October 18, 2012, the Plaintiff filed this lawsuit against NGM, Nikos Karaiskos, Michael Pitsinos and George Hadjipanayi, (the "Individual Defendants" and collectively with the "Corporate Defendants" the "Defendants") seeking unpaid wages under the Fair Labor Standards Act ("FLSA") and New York labor law ("NYLL"). Plaintiff brought the FLSA claims on behalf of himself and all non-exempt employees employed by Defendants in any tipped position within the last six years ("Covered Employees"). Plaintiff's complaint alleges, among other claims, that Defendants failed to pay Covered Employees the proper minimum wage under the FLSA and NYLL.

1

On the same day, Plaintiff filed a similar action against Bareburger Dio Inc., Bareburger, Inc., Bareburger Group LLC and George Rodas, Georgio Dellis and Eftychios Pelekanos, operators of a Bareburger franchise at LaGuardia Place ("Bareburger Laguardia").

The instant motion was marked fully submitted on July 10, 2013.

**The Facts**

According to his affidavit and deposition, the Plaintiff was employed full time as a delivery person at the Bareburger LaGuardia franchise, was advised of similar work available at the franchise operated by the Defendants in Chelsea ("Bareburger Chelsea") and obtained part-time employment at Bareburger Chelsea on his days off from Bareburger Laguardia, Tuesdays and Thursdays, during the month of May 2012. Plaintiff did not know the names of any other employee or the owners and did not talk to anyone at Bareburger Chelsea after he left at the end of May 2012. The only documentary evidence relating to his employment at Bareburger Chelsea is a time card indicating payment in cash on two occasions. The Individual Defendants have

denied any knowledge aside from the time card concerning the Plaintiff.

**The Motion Is Denied For Lack Of A Factual Basis**

The Plaintiff has alleged that other tipped employees at Bareburger Chelsea, similarly situated, did not receive proper notice under the FLSA and NYLL, were required to engage in non-tipped duties exceeding 20% of their workday and did not receive proper wage statements reflecting the proper amount of tip credit or the required minimum wage. While such collective actions are favored under the law because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact" and provide employees with the opportunity to "lower individual costs to vindicate rights by the pooling of resources," Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989); Braunstein v E. Photographic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1979); Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007), an adequate factual basis for the Plaintiff's allegation must be established.

3

In Prizmic v. Armour, Inc., 2006 WL 1662614 (E.D.N.Y. June 12, 2006), Magistrate Judge Go denied certification, stating that:

> [P]laintiff has not submitted any specific facts concerning his employment nor connecting his situation to others that he claims are similarly situated. For example, plaintiff fails to describe or submit any documentation showing how he or anyone else employed by defendants were paid, what their job duties were or the hours they worked. Nor has plaintiff identified a single potential plaintiff even though defendant apparently has provided the names of current or former employees. Not only has plaintiff failed to provide the minimal requisite factual showing that he was in an employee-employer relationship with defendants and was denied overtime pay, he has not substantiated his allegation that the same was true of other potential plaintiffs.

Id. a *3; see also Morales v. Plantworks, 2006 WL 278154 (SDNY Feb. 2, 2006) (denying certification where plaintiffs submitted payroll stubs for three plaintiffs due to an insufficient showing that plaintiffs and potential class members were victims of a common scheme or plan); Diaz v. Elect. Boutique of America, Inc., 2005 WL 2654270 (W.D.N.Y. Oct. 17, 2005) (denying class

4

certification under the FLSA and NYLL where plaintiffs alleged that they worked "off-the-clock" without compensation because, in part, the allegations were too individualized to warrant collective action); D'Anna v. M/A Com Inc., 903 F. Supp 889 (D. Md. 1995) (denying class certification where plaintiff failed to make even a relatively modest factual showing).

Here, Plaintiff has not submitted the name of one employee to substantiate his contentions. He admitted in his deposition that he did not speak with any employees at Defendants' facility either during or after his employment. Plaintiff has not elaborated on how the 20% calculation of hours in his workdays that were spent on non-tipped duties was determined or how many employees he saw suffered from the same scheme or plan. Plaintiff has failed to make the sufficient factual showing to justify conditional collective certification.

Because the Plaintiff has not shown the requisite proof to warrant certification his motion is denied at this time.

It is so ordered.

New York, NY
October 17, 2013

_____
ROBERT W. SWEET
U.S.D.J.